**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

In re STOLLER　　　　　　　　　　)
Serial No. 11/217,904　　　　　　　)　　　　Appeal No:

**NOTICE FORWARDING CERTIFIED LIST**

A notice of appeal to the United States Court of Appeals for the Federal Circuit was timely filed on December 20, 2013, in the Patent and Trademark Office in connection with the above-identified patent application. Pursuant to 35 U.S.C. § 143 and Federal Circuit Rule 17(b)(1), a certified list is this day being forwarded to the Federal Circuit.

Brian T. Racilla is the attorney representing the Director in this appeal. Counsel for Appellant must contact the Solicitor's Office at 571-272-9035 to arrange for designating the record.

Respectfully submitted,

Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Date: January 29, 2014　　　　By: /Natasha Russ/
　　　　　　　　　　　　　　　　Natasha Russ
　　　　　　　　　　　　　　　　Paralegal
　　　　　　　　　　　　　　　　Mail Stop 8
　　　　　　　　　　　　　　　　P.O. Box 1450
　　　　　　　　　　　　　　　　Alexandria, VA 22313-1450
　　　　　　　　　　　　　　　　571-272-9035

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing has been served on counsel for Appellant this 29th day of January, 2014 as follows:

Matthew Perrone, Jr, Esq.
Law Office of Matthew R. P. Perrone, Jr.
210 South Main Street
Algonquin, IL 60102


By: *Natasha Russ*
**Natasha Russ**
Paralegal

Form PTO 55 (12-80)

## U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

<u>January 29, 2014</u>
(Date)

**THIS IS TO CERTIFY** that the annexed is a list of the contents comprised of the electronic file of the Patent Application identified below, said contents list being a list of the papers comprising the record before the United States Patent and Trademark Office for the Patent Application of:

*Applicant(s):* James E. Stoller

*Date Filed:* September 1, 2005

*Serial No:* 11/217,904

*Title:* Reinforced, scrim supported, impermeable, protective, winter turf cover



By authority of the

**UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

Natasha M. Russ

*Certifying Officer*

Prosecution History Ser. No. 11/217,904

| Date | Event |
|---|---|
| 09-01-2005 | Utility Patent Application |
| 02-13-2008 | Status Letter |
| 03-21-2008 | Non-Final Office Action |
| 06-18-2008 | Amendment after Non-Final Office Action |
| 09-23-2008 | Final Office Action |
| 12-22-2008 | Amendment after Final Office Action |
| 12-23-2008 | Notice of Appeal |
| 01-13-2009 | Advisory Action Before the Filing of an Appeal Brief |
| 02-20-2009 | Appeal Brief |
| 04-28-2009 | Examiner's Answer |
| 08-12-2009 | Board of Patent Appeals and Interferences Docketing Notice |
| 11-29-2011 | BPAI Decision on Appeal |
| 01-24-2012 | Amendment after BPAI Decision |
| 06-27-2012 | Amendment after BPAI Decision |
| 09-18-2012 | Correspondence Address/Fee Address Change |
| 09-26-2012 | Final Office Action |
| 10-24-2012 | Response after Final Office Action |
| 11-05-2012 | Communication to Applicant Regarding Information Not Being Considered |
| 11-07-2012 | Amendment after Final Office Action |
| 11-08-2012 | Advisory Action Before the Filing of an Appeal Brief |
| 11-16-2012 | Advisory Action Before the Filing of an Appeal Brief |
| 12-07-2012 | Notice of Appeal |
| 01-17-2013 | Appeal Brief |
| 03-15-2013 | Examiner's Answer |
| 03-25-2013 | Reply Brief |
| 04-03-2013 | Miscellaneous Communication to Applicant |
| 04-11-2013 | Patent Trial and Appeal Board Docketing Notice |
| 10-24-2013 | PTAB Decision on Appeal |
| 12-20-2013 | Notice of Appeal to the United States Court of Appeals for the Federal Circuit |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/217,904 | 09/01/2005 | James E. Stoller | Y5.0073 | 7515 |

29438     7590     10/24/2013
MATHEW R. P. PERRONE, JR.
210 SOUTH MAIN STREET
ALGONGUIN, IL 60102-2639

| EXAMINER |
|---|
| VALENTI, ANDREA M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3643 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 10/24/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

mperrone@perronepatents.com
mmcreynolds@perronepatents.com

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* JAMES E. STOLLER

Appeal 2013-005972
Application 11/217,904
Technology Center 3600

Before: JENNIFER D. BAHR, CHARLES N. GREENHUT, and MICHAEL C. ASTORINO, *Administrative Patent Judges*.

GREENHUT, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2013-005972
Application 11/217,904

## STATEMENT OF CASE

Appellant appeals under 35 U.S.C. § 134 from a rejection of claims 21-37. We have jurisdiction under 35 U.S.C. § 6(b). A previous appeal, 2009-013845, was taken in this application.

We affirm.

The claims are directed to a reinforced, scrim supported, impermeable, protective, winter turf cover. Claim 21, reproduced below, is illustrative of the claimed subject matter:

> 21. A winter turf cover for a golf green comprising:
>     (a) a scrim layer secured to at least one polyolefin sheet;
>     (b) the at least one polyolefin sheet being secured to on a first scrim side of the scrim sheet;
>     (c) the at least one polyolefin sheet being polypropylene or polyethylene;
>     (d) the scrim layer being laminated to the at least one polyolefin sheet;
>     (e) the winter turf cover being water impermeable;
>     (f) the at least one polyolefin sheet being a first polyolefin sheet on a first scrim side of the scrim sheet;
>     (g) the at least one polyolefin sheet including a second polyolefin sheet;
>     (h) the second polyolefin sheet forming part of the lightweight, compactly foldable, protective winter turf cover;
>     (i) the second polyolefin sheet being laminated to a second scrim side of the scrim sheet; and
>     j) the first scrim side of the scrim sheet being oppositely disposed from the second scrim side of the scrim sheet.

## REJECTIONS

Claim 35 is rejected under 35 U.S.C. § 102(b) as being anticipated by Sibbet (U.S. 2004/0013824 A1, pub. Jan. 22, 2004). Ans. 5.

Appeal 2013-005972
Application 11/217,904

Claims 21, 28, and 36 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet and Stoller (U.S. 6,739,088 B1, iss. May 25, 2004). Ans. 6.

Claims 22, 29, 30, and 37 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet, Stoller and Simmons (U.S. 3,252,251, iss. May 24, 1966). Ans. 7.

Claims 23-27 and 31- 34 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Sibbet, Stoller, Simmons and Powell (U.S. 213,932, iss. April 1, 1879). Ans. 8.

OPINION

Initially we note that Appellant appears to have misstated the rejections currently applied. App. Br 22, 23, 25, 28, 30. Further, no rejection under 35 U.S.C. § 112 is before us for review. *See* App. Br. 22-23.

Claim 35 is the only claim rejected under 35 U.S.C. § 102. *Contra* App. Br. 23. Appellant argues that Sibbet fails to disclose "appellant's claimed unitary bonded cover" and "layers []fused into a unitary structure by the claimed molten bond used to hold appellant's layers together." App. Br. 23. Our response is the same as the Examiner's: the claim contains no recitations regarding these features. *See* Ans. 9.

At best, Appellant's argument is that "laminated" should be construed to mean more narrowly than the Examiner has done. The Specification does not expressly define "laminated." Rather, it states the preferred or best mode for lamination. Spec. 5:23-6:1. It is well settled that claims may reach beyond the preferred embodiment or best mode of the invention described in the Specification. Where Appellant has elected to omit language in the claims limiting the features of the claimed invention to that of the preferred

3

Appeal 2013-005972
Application 11/217,904

embodiment, it is not our place to import limitations into the claims that would do so. *See SuperGuide Corp. v. DirecTV Enters., Inc.*, 358 F.3d 870, 875 (Fed. Cir. 2004).

Even if we were to adopt the definition of laminated proffered by Appellant, "made by <u>pressing together</u> thin layers of material" (App. Br. 24), Appellant does not present any arguments as to why such pressing excludes that conducted by mechanical means as in Sibbet.

We treat Appellant's argument directed to a rejection of claims 21, 27, and 36 as unpatentable over Sibbet and Stoller (App. Br. 25) as an argument against the rejection of claims 21, 28, and 36 as unpatentable over Sibbet and Stoller. We select claim 21 as representative under 37 C.F.R. § 41.37(c)(1)(iv).

We cannot agree with any of Appellant's assertions regarding the rejection of claim 21. The fact that Stoller lacks the structure of Sibbet to which the Examiner proposes to apply Stoller's teachings does not demonstrate "teaching away" since there is no criticism of Stoller's structure or that recited in the claim. *See* App. Br. 25; *In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004). There is no requirement under § 103 that a single reference must disclose all aspects of the claimed subject matter for that subject matter to be obvious. *Contra* App. Br. 26. We can see no support for Appellant's assertion that the Examiner's proposed combination would in any way destroy some essential element of Sibbet. *See* App. Br. 26. We are uncertain as to why Appellant believes that the fact that Sibbet teaches something "absent from appellant's teaching" demonstrates what Appellant has claimed is nonobvious. *See* App. Br. 27.

We treat Appellant's argument directed to a rejection of claims 21, 28, 29 and 36 as unpatentable over Sibbet, Stoller and Simmons (App. Br. 28) as

4

Appeal 2013-005972
Application 11/217,904

an argument against the rejection of claims 22, 29, 30, and 37 as unpatentable over Sibbet, Stoller, and Simmons. We select claim 22 as representative under 37 C.F.R. § 41.37(c)(1)(iv).

Appellant contends that "[n]ot a single cited reference shows appellant's formerly molten polyolefin bond used to join two polyolefin sheets together with a scrim layer sandwiched therebetween." App. Br. 28. The test for obviousness is not whether the claimed invention is expressly suggested in any one or all of the references, but whether the claimed subject matter would have been obvious to those of ordinary skill in the art in light of the *combined teachings* of those references. *See In re Keller*, 642 F.2d 413, 425 (CCPA 1981). We agree with and adopt as our own, the Examiner's findings and conclusions regarding the hot melt process by which plastic is formed directly on fabric in Simmons. Ans. 7, *citing* Simmons, col. 3, ll. 33-44.

Appellant also argues that "appellant firmly and permanently laminates the first and second polyolefin layers and the intervening scrim together, by use of the formerly molten layer of polyolefin." App. Br. 29. Our analysis is the same as above and the same as the Examiner's: limitations not appearing in the claims cannot be relied upon for patentability. *See In re Self*, 671 F.2d 1344, 1348 (CCPA 1982); Ans. 9. Further, we are not apprised of any reason why the result of Simmons' process would be understood to have a permanence that differs from that of Appellant.

In arguing the rejections discussed above we note that Appellant also points out some of the perceived drawbacks of Sibbet and Stoller's devices and perceived advantages of Appellant's device. App. Br. 23, 26. "The invention disclosed in [Appellant's] written description may be outstanding

Appeal 2013-005972
Application 11/217,904

in its field, but the name of the game is the claim." *In re Hiniker Co.*, 150 F.3d 1362, 1369 (Fed. Cir. 1998).

In addressing the rejection relying in part on Powell, Appellant states that Powell does not compensate for the deficiencies of the other references (App. Br. 30) and accuses the Examiner of importing hindsight into the obviousness analysis (App. Br. 31-33). Above, we have discussed why we have not been apprised of any deficiencies of the other cited references. Appellant's allegation of hindsight states case law without any application to the facts of the present cases. Appellant has not alleged with any specificity what knowledge the Examiner has gleaned only through Appellant's own Specification.

## DECISION

The Examiner's rejections are affirmed.

No time period for taking any subsequent action in connection with this appeal may be extended under 37 C.F.R. § 1.136(a). *See* 37 C.F.R. § 1.136(a)(1)(iv).

## AFFIRMED

mls